IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 06 CR 427 |
| | ) | |
| MARIO DAL CERRO | ) | |

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Defendant Mario Dal Cerro's ("Dal Cerro") pre-trial motions. For the reasons stated below, we deny the motions in part and deny the motions in part as moot.

## DISCUSSION

We first note that Dal Cerro is listed in the complaint and the indictment as "Mario Dal Cerro." (Compl. Cap., Par. 1)(Ind. Cap., 1). However, Dal Cerro inexplicably refers to himself in the captions and text of all his motions as "Mario DelCarro." (D Mots. 1). For the purposes of this ruling, we shall use the name for Defendant that is listed in the complaint and indictment.

I. *Brady* and *Giglio* Materials

Dal Cerro requests that the court order the Government to immediately disclose information concerning promises of immunity, leniency, or preferential

treatment made to Government witnesses and other matters required to be disclosed pursuant *Giglio v. United States*, 405 U.S. 150 (1972). Since the Government indicates that it will produce all *Giglio* materials, including evidence concerning promises of immunity, leniency, or preferential treatment made to Government witnesses one week prior to trial, which we find is reasonable, we deny as moot Dal Cerro's motion.

Dal Cerro also requests that the court order the Government to produce all materials required in accordance with *Brady v. Maryland*, 373 U.S. 83 (1963). Since the Government acknowledges its ongoing obligation to comply with *Brady* and Dal Cerro has failed to show that the Government has not complied thus far with *Brady*, we deny as moot the motion for the production of *Brady* materials.

II. Proffer Statement

Dal Cerro requests that the court order the Government to make a proffer in accordance with *United States v. Santiago*, 582 F.2d 1128, 1130 (7th Cir. 1978) and its progeny. Pursuant to *Santiago* and its progeny, a court generally should make a determination concerning "the admissibility of co-conspirator statements" after viewing a pre-trial proffer made by the Government. *United States v. Irorere*, 228 F.3d 816, 824 n.1 (7th Cir. 2000). Since the Government indicates that if it decides to introduce evidence that would necessitate a proffer, it will provide such a proffer one week before trial, which we find is reasonable, we deny as moot the motion for a proffer.

III. Motion to File Additional Motions Regarding Videos, Cassettes, and CDs

Dal Cerro requests that the court grant him the right to file additional motions relating to the videos, audio cassettes, or compact disks the Government intends to introduce at trial because Del Cerro has not yet had an opportunity to view and listen to the materials. The Government argues that Dal Cerro had an opportunity to do so earlier in this case and that his request is untimely. Dal Cerro states only in a cursory fashion in his motion that he has not had an opportunity to view or listen to the materials, but he has not provided any explanation regarding why he lacked such an opportunity. Therefore, we deny Dal Cerro's motion for leave to file additional motions relating to the videos, audio cassettes, or compact disks the Government intends to introduce at trial.

IV. Rule 404(b) Disclosures

Dal Cerro requests that the court order the Government to immediately disclose its intention to use evidence of other crimes, wrongs, or acts in accordance with Federal Rule of Evidence 404(b) ("Rule 404(b)"). Since the Government agrees to provide such disclosures one week before trial, which complies with the requirement in Rule 404(b) that the defendant is to be provided with "reasonable notice" of such matters, Fed. R. Evid. 404(b), we deny as moot the motion for Rule 404(b) disclosures.

V. Jencks Act Material

Dal Cerro requests that the court order the Government to produce all statements of Government witnesses that are required under the Jencks Act, 18 U.S.C. § 3500. Since the Government states that it has already produced some of the required statements and indicates that it will produce any remaining statements one week before trial, we deny as moot the motion for the production of Jencks Act materials. In fairness, we shall also require Dal Cerro to produce any statements and reports for his witnesses at least one week before trial as well.

VI. Pre-Trial Witness List

Dal Cerro requests that the court order the Government to provide the names and addresses of all witnesses it intends to call at trial. The Government agrees to provide the names of its potential witnesses three days before trial, which we find is reasonable. The Government refuses to produce the addresses of its witnesses and Dal Cerro has not provided sufficient justification or controlling authority requiring such a request. Therefore, deny the motion to the extent that the motion seeks the addresses of such witnesses. Since the Government indicates that it will produce the list with the names no later than three days before the trial, which is reasonable, we deny as moot the motion for a pre-trial witness list to the extent that it seeks the names of the Government's witnesses.

VII. Grand Jury Proceedings

Dal Cerro requests that the court order the court to produce the grand jury

transcripts in this case. Due to the level of secrecy of grand jury proceedings and the public interest that is served by keeping such matters confidential, a "strong showing of particularized need is required before any grand jury materials are disclosed." *Lucas v. Turner*, 725 F.2d 1095, 1101 (7th Cir. 1984)(noting that even "where a particularized need is established 'the secrecy of the proceedings is lifted discretely and limitedly'")(quoting *United States v. Procter & Gamble,* 356 U.S. 677, 683 (1958)). In the instant action, Dal Cerro has not provided any reason showing that he needs the grand jury transcripts. His motion consists solely of a one-sentence conclusory request. He also cites no supporting law other than "Federal Rule of Criminal Procedure 6(e)(3)( c )." (Mot Grand 1). However, there is no such provision in the Federal Rules of Criminal Procedure. To the extent that Dal Cerro is referring to Federal Rule of Criminal Procedure 6(e)(3)( C), that rule merely provides that a Government attorney may disclose grand jury matters "to another federal grand jury," which is not what Dal Cerro is seeking in the instant motion. Fed. R. Crim. P. 6(e)(3)( C). Therefore, we deny Dal Cerro's motion for the production of grand jury transcripts.

VIII. Identities of Government's Confidential Informants

Dal Cerro requests that the court order the Government to disclose the identities of its confidential informants prior to the trial. We first note, for the sake of clarity on the docket, that the heading of Dal Cerro's motion for the production of the identities of the Government's confidential informants, listed on the docket as

document number 18, contains the caption "Defendant Mario DelCarro's Motion Reserving the Right to File Additional Motions." (Mot. Inform. 1). The motion is also listed on the docket under the motion's caption. However, the motion's caption is not accurate since the motion below the caption does not request leave to file any additional motions and instead requests that the court order the Government to disclose the identities of its confidential informants. We note that the caption apparently was mistakenly copied from one of Dal Cerro's other motions in which he does request leave to file additional motions.

In regard to the informant disclosure request, the identity of a government informant and the content of his "communications with the government that may tend to reveal his identity" are privileged matters and that privilege can only be overcome by a showing on the part of the defendant of a particular "need for the information . . . ." *United States v. Valles*, 41 F.3d 355, 358 (7th Cir. 1994)(stating that the defendant "bears this burden in the face of an assumption that the privilege should apply"). In the instant action, Dal Cerro merely requests the disclosure of the identity of the Government's confidential informants in a conclusory fashion and provides no reason why he needs such information, other than that he needs the information to prepare for trial. Since Dal Cerro has not provided a sufficient justification to order the disclosure of the identities of the confidential informants of the Government, we deny Dal Cerro's motion for the production of the identities of the Government's confidential informants.

IX.  Motion For Leave to File Additional Motions

Dal Cerro requests leave in general to file additional pre-trial motions.  The Government objects to the motion and argues that if Dal Cerro is allowed to file pre-trial motions at the last moment before trial, the trial in this matter will be unavoidably delayed.  The parties were given until August 7, 2006, to file any pre-trial motions in this case and Dal Cerro has already filed ten pre-trial motions.  Dal Cerro's motion consists of only one sentence in which he requests leave to file additional motions and his motion does not provide any reason indicating why he anticipates the need to file additional motions in the future or why such motions could not have been filed before August 7, 2006.  Accordingly, we deny Dal Cerro's motion for leave to file additional motions.

**CONCLUSION**

Based on foregoing analysis, we deny as moot Dal Cerro's motion for the production of all *Giglio* evidence, including evidence concerning promises of immunity, leniency, or preferential treatment made to Government witnesses.  We also deny as moot Dal Cerro's motion for the production of evidence required by *Brady v. Maryland*, 373 U.S. 83 (1963), deny as moot Dal Cerro's motion for a proffer, deny as moot Dal Cerro's motion for the disclosure of an intention to use Rule 404(b) evidence, and deny as moot Dal Cerro's motion for the production of Jencks Act materials.

We also deny Dal Cerrro's motion for the production of a pre-trial witness list to the extent that the motion seeks the addresses of the witnesses, and deny as moot the motion to the extent that it seeks the names of the witnesses. In addition, we deny Dal Cerro's motion for leave to file additional motions concerning the video tapes, audio cassettes, and compact disks that the Government intends to introduce at trial, deny Dal Cerro's motion for the production of grand jury transcripts, deny the motion for the production of the identities of the Government's confidential informants, and deny Dal Cerro's motion for leave to file additional pretrial motions.

 

                                                _____
                                                Samuel Der-Yeghiayan
                                                United States District Court Judge

Dated: August 23, 2006